IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **GEORGE WILLIAM WHEELER** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 5:12-cv-08027-KOB |
| ) | |
| ) | |
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **Respondent.** ) | |

**MEMORANDUM OPINION**

This matter is before the court on Petitioner George William Wheeler's "Motion to Alter or Amend Judgment Justifying Reconsideration," pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 41). In this motion, Wheeler asks the court to reconsider its denial of his § 2255 petition (doc. 40). For the reasons stated in this memorandum opinion, the court DENIES Wheeler's motion to alter or amend its judgment as to his § 2255 petition.

"[R]econsideration of an order is an extraordinary remedy and is employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 440 F. Supp. 2d 1256, 1267-68 (N.D. Ala. 2006); *see also Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (describing a Rule 59(e) motion as an "extraordinary remedy that should be used sparingly"). A motion to alter or amend under Federal Rule of Civil Procedure 59(e) does not provide a mechanism for a dissatisfied party to re-litigate a matter. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment").

1

The Eleventh Circuit has recognized two grounds for granting a Rule 59 motion: "[1] newly-discovered evidence or [2] manifest errors of law or fact." *Id.* at 1343 (quoting *In re Kellogg,* 197 F.3d 116, 119 (11th Cir. 1999)). Courts in this circuit have recognized that an intervening change in controlling law is also a ground for reconsideration and an exception to the law of the case doctrine. *See, e.g., Summit Med. Ctr. of Ala., Inc. v. Riley,* 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003) (addressing a Rule 59 motion); *Oliver v. Orange Cnty., Fla.,* 456 F. App'x 815, 818 (11th Cir. 2012) (listing the following exceptions to the law of the case doctrine, allowing a district judge to reconsider a prior ruling: "(1) new evidence; (2) an intervening change in the law that dictates a different result; or (3) that the prior decision was clearly erroneous and would result in manifest injustice.").

Wheeler does not satisfy any of these exceptions. He does not present new evidence or point to an intervening change in the law. He also has not convinced the court that its rulings amount to a manifest error of law or fact.

Rather, Wheeler seems to simply disagree with the court's ruling and is using this motion to try to obtain a second bite at the proverbial apple.

Most of the issues Wheeler raises in his motion to alter or amend are issues that he raised in his petition for relief under 28 U.S.C. § 2255 (docs. 5 & 7). In his motion to alter or amend, Wheeler argues that the court erred because it did not consider his counsel's alleged failure to (1) cross-examine and challenge the testimony of alleged co-conspirator Javier Limon (doc. 41, at 3); (2) inspect and object to the recordings used against Wheeler at trial (*id.*, at 4); and (3) challenge the changes in Wheeler's indictment and the government's theory of the case (*id.*). Wheeler asserts that had the court considered these claims, his counsel's ineffective assistance

would have excused his procedural default as to his prosecutorial misconduct claims. (*Id*., at 3).

Contrary to Wheeler's assertions, the court did consider each of these claims in ruling on his § 2255 motion, and found that none of these actions amounted to ineffective assistance of counsel. (*See* Doc. 39). The court has no basis to reconsider these claims now.

Wheeler also argues that his procedural default should be excused because of his legal and actual innocence. (Doc. 41, at 5). Again, the court previously considered this assertion and found that Wheeler was *not* actually innocent. (Doc. 39, at 12). Accordingly, the court will not reconsider this claim either.

Additionally, Wheeler contends that the court should have granted him an evidentiary hearing to resolve various issues, including the prosecution's alleged perjury and misconduct (doc. 41., at 3); the truthfulness of the statements made by Wheeler's attorneys in their affidavits (*id.*, at 5); and alterations that Wheeler alleges were made to the tapes and transcripts used against him at trial (*id.*, at 6) .

An evidentiary hearing was not necessary to resolve these issues of fact. The "ample evidence" in Wheeler's criminal trial, along with the evidence offered in support of and in opposition to Wheeler's § 2255 petition, provided the court with an adequate basis to make findings of fact as to each of these points.

Furthermore, "[w]hen claims for habeas relief are based on unsupported generalizations" or are "conclusory in nature and devoid of sufficient factual substantiation," no evidentiary hearing is required. *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980) (citations omitted). The court was not obligated to hold an evidentiary hearing on Wheeler's unsubstantiated, meritless claims.

In sum, Wheeler has failed to provide grounds for granting his motion. He has not presented newly-discovered evidence or pointed to an intervening change in the law. Furthermore, he has not convinced the court that its ruling on his § 2255 petition demonstrates manifest errors of law or fact. For all of the above reasons, the court, in its discretion, finds that Wheeler's motion to alter and amend is due to be DENIED.

DONE and ORDERED this 20th day of October, 2015.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE